UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SILVER ELECTRIC BUILDERS, INC., et al.,<br><br>　　　　　　Defendants. | Case No.  21-cv-00564-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

Plaintiff U.S. Specialty Insurance Company (USSIC) seeks summary judgment on its claim for a declaration that it has no obligation under certain insurance policies to indemnify Defendant Silver Electric Builders, Inc. (Silver Electric) for any damages awarded in the action initiated in California state court by defendant Richard Spieker against Silver Electric for allegedly negligent contractor work. *See generally* Dkt. No. 39.  The parties' familiarity with the record is assumed.  Summary judgment is granted to USSIC.

This case is on all fours with *All Green Electric, Inc. v. Security National Insurance Co.*, 22 Cal. App. 5th 407 (2018).  There, the California Court of Appeal interpreted policy language materially identical to Exclusion "m" in the policies at issue here to exclude coverage where a contractor had performed work on a mammogram machine and the machine ceased functioning because of a loose screw the medical center asserted was negligently left loose by the contractor. *Id.* at 410-11, 413-14.  In the state-court action, Spieker is seeking damages -- in the form of lost rental income and tenant relocation costs -- caused by Silver Electric's allegedly negligent failure to pull building permits and arrange an inspection.  *See* Dkt. Nos. 41-1 at ECF 4.[1]  As in *All*

---

[1] Court filings and records are appropriate for judicial notice, and USSIC's request is unopposed. *See* Dkt. No. 41.  Consequently, the Court takes notice of the complaint Spieker filed in California

1   *Green*, Spieker suffered damages from not being able to make use of particular property (there a
2   mammogram machine, here apartment units) because of a condition affecting the property that
3   was brought about as a result of the insured contractor's allegedly negligent work. *See* 22 Cal.
4   App. 5th at 413. This is also so for Spieker's argument that subpart (1) of Exclusion "m" does not
5   exclude coverage, because summary judgment for USSIC is appropriate under subpart (2) on the
6   ground that the claimed loss of use was due to "[a] delay or failure by [Silver Electric]" to
7   "perform a contract or agreement in accordance with its terms" -- namely, ensuring that the
8   remodeling was compliant with the local building code. Dkt. No. 40-1 at ECF 27; 40-2 at ECF 21.

Spieker says that there is no basis in the record for so concluding because USSIC did not introduce into evidence his contract with Silver Electric.[2] The point is not well taken. The record supportably shows that procuring building permits and inspection was required by local law, *see* Dkt. No. 41-1 at ECF 4, and that it was Spieker's standard practice to provide hired contractors "with drawings, plan sets and all supporting documents for the contractor to obtain individual building permits for each apartment unit," Dkt. No. 46-1 at 2. These facts were not contested. Consequently, the record shows that, even if the failure to obtain a permit was the result of inadvertence or carelessness and so was an "occurrence," the resultant loss of use of the apartments was due to Silver Electric's "failure" to "perform a contract or agreement in accordance with its terms." Dkt. No. 40-1 at ECF 27; 40-2 at ECF 21. Although the Court views the evidence in the light most favorable to Spieker and draws all reasonable inferences in his favor, *see Winding Creek Solar LLC v. Peevey*, 293 F. Supp. 3d 980, 989 (N.D. Cal. 2017), there is no basis in the record for inferring that his contract with Silver Electric deviated from the norm and so the failure to obtain building permits was not also a failure to perform the contract's terms.

Overall, the record reveals no triable questions of material fact. Further, under *All Green*, the policies here exclude coverage for the claimed damages, and Spieker makes no argument that

---

state court. *See* Fed. R. Ev. 201(b)(2); *Plichcik v. Safeco Ins.*, No. 21-cv-05137-JD, 2024 WL 497138, at *2 n.2 (N.D. Cal. Feb. 8, 2024).

[2] USSIC made the particular argument as to loss of use under Exclusion "m" and *All Green* in a reply brief. *See* Dkt. No. 49 at 9. At the hearing on summary judgment, the Court invited Spieker to say why *All Green* might be distinguishable. *See* Dkt. No. 63-64.

the Supreme Court of California would have decided that case differently.  Consequently, USSIC is entitled to summary judgment and the declaratory relief it seeks.

**IT IS SO ORDERED.**

Dated: November 12, 2024

JAMES DONATO
United States District Judge